# EXHIBIT 2

# SUBLEASE AGREEMENT

Route 340 LLC. and Commerce Payment Systems

---

**THE PARTIES HEREBY AGREE AS FOLLOWS**:

This sublease is made and shall be in effect commencing on March 1, 2009.

PARTIES:            Overtenant: Route 340 LLC

                    Subtenant:   Commerce Payment Systems

INFORMATION FROM OVER-LEASE:   Landlord:   Lerner Family Properties LLC
                                                       Date and Term of Over-Lease January 1 2012

1. TERM: This term of this sublease shall commence on January 1, 2012 and shall be in effect on a month to month basis.
2. PREMISES RENTED: 5,110 +/- sq feet at 1465 Broadway Hewlett NY 11667
3. USE OF PREMISES: The above referenced premises may be used for office space.
4. RENT: The monthly rent is $_11,500.00__. The undertenant shall pay this monthly rent to the Over-tenant in advance of the first of each month during the term of the agreement. In the event that the monthly rent is received after the 7th of the month a late fee of 3% of the monthly rent shall be assessed against the Undertenant.'
5. SECURITY: The security for the Undertenant's performance is $11,500.00(one month rent). Overtenant states that it has received said security. Overtenant shall maintain the security in during the term of the sublease.
6. AGREEMENT TO LEASE: Undertenant agrees to pay Rent and other charges as required in the Sublease. Undertenant agrees to do everything required of it in the sublease.
7. SUBJECT TO: The Sublease is subject to the Overlease. It is subject to any agreement to which the Over-Lease is subject. You, the Undertenant, state that you have read the Over-Lease and will not violate it in any way.

8. OVERTENANT'S DUTIES: The Over-Lease describes the landlord's duties. The Overtenant is not obligated to perform the Lanadlord's duties. If the Landlord fails to perform, the Undertenant must send the Overtenant a notice. Upon receipt of the notice, the Overtenant shall then promptly notify the Landlord and demand that the Over-Lease agreement be carried out.

9. CONSENT: If the Landlord's consent to the Sublease is required , this consent must be received within __ days from the date of the sublease

10. NO AUTHORITY: The Undertenant shall have no right to contact or make any agreement with the landlord about the premises or the Over-Lease. The Undertenant, may not pay rent or other charges to the Landlord, but only to the Overtenant.

11. SUCCESSORS: Unless otherwise stated, the Sublease is binding on all parties who lawfully succeed to the rights or take the place of the Undertenant.

12. DEFINITIONS: The captions of this lease are for convenience and reference only and in no way define, limit or describe the scope or intention of this lease or in any way affect this lease.

    The term 'Subtenant' as referred to hereunder, shall refer to this Subtenant and any successor or assignee of this Subtenant.

13. CHANGES: This sublease may only be changed by an agreement in writing by the parties to the sublease.

14. INDEMNITY: Subtenant shall and does hereby indemnify and hold Overtenant harmless of and from any and all claims, costs, expenses, damages and causes of action of every nature whatsoever and the defense thereof arising or to arise from any act, omission or negligence of Tenant, its agents, servants, employees, licensees or invitees, arising by reason of Tenant's use and occupancy of the Demised Premises or from any accident, injury or damage whatsoever caused by negligence or alleged negligence, other than Overtenant's negligence, to any person or persons or property occurring in or on the Demised Premises or any part thereof.

15. ATTORNEYS FEES: In the event Subtenant shall default under this lease and Overtenant shall bring any action or summary proceeding against Subtenant, by reason of such default, and if Overtenant is successful in such action or if such action is settled by payment of a sum of money by Subtenant to Overtenant, or by Subtenant complying with Overtenant's demands, Subtenant shall pay Overtenant's reasonable attorneys' fees in connection therewith.

16. WAIVER OF COUNTERCLAIM: Subtenant hereby agrees that in any action or summary proceeding brought by Overtenant for the recovery of Basic Annual Rent or Additional Rent, it will not interpose any counterclaim or set-off nor will Subtenant seek to consolidate or join for trial any such action or proceeding with any other action or proceeding.

17. WAIVER OF TRIAL BY JURY: Overtenant and Subtenant do hereby mutually waive trial by jury in any action, proceeding or counterclaim brought by either Overtenant or Subtenant against the other with regard to any matters whatsoever arising out of or in any way connected with this lease, the relationship of Overtenant and Subtenant, and Subtenant's use or occupancy of the Demised Premises, provided such waiver is not prohibited by any laws of the State of New York. Any action or proceeding brought by either party hereto against the other, directly or indirectly, arising out of this agreement, shall be brought in a court in the County in which the Demised Premises are located and all motions in any such action shall be made in such County.

18. REMEDIES: The specific remedies to which Overtenant or Subtenant may resort under the terms of this lease are cumulative and are not intended to be exclusive of any other remedies or means of redress to which they may be lawfully entitled in case of any breach or threatened breach, by either of them of any provisions of this lease. In addition to the other remedies in this lease provided, Overtenant or Subtenant shall be entitled to restraint by injunction of any violation or attempted or threatened violation, of any of the covenants, conditions or provisions of this lease or to a decree compelling performance of any of such covenants, conditions or provisions.

19. NO WAIVER: The failure of either party to insist in any one or more cases upon the strict performance of any of the covenants of this lease, or to exercise any option herein contained, shall not be construed as a waiver or relinquishment for the future of such covenant or option. A receipt by Overtenant of the Basic Annual Rent with knowledge of the breach of any covenant hereof shall not be deemed a waiver of such breach, and no waiver, change, modification or discharge by either party hereto of any provision in this lease shall be deemed to have been made or shall be effective unless expressed in writing and signed by both Overtenant and Subtenant.

20. NOTICES: Any notice or demand which, under the terms of this lease or under any statute must or may be given or made by the parties herein, shall be in writing, and shall be given or made by mailing the same, by certified mail, return receipt requested, or having same delivered by overnight courier service such as Federal Express provided a receipt for such delivery is obtained addressed: if to Route 340 LLC, 1465 Broadway, Hewlett, New York, with a copy to the Law Offices of Samuel C. Spirgel 896 Princeton Road, Woodmere, New York, 11598 If to Subtenant, at the address hereinabove first set forth for Subtenant on page '1' of this Agreement if such notice is given prior to the commencement of the Term, and after the commencement of the Term, at the Demised Premises, with a copy to Law Offices of Samuel C. Spirgel 896 Princeton Road, Woodmere, New York, 11598. Either party, however, may designate in writing such new or other address to which such notice or demand shall thereafter be so given, made or mailed. Any notice given hereunder shall be deemed delivered when received by the party to whom same is addressed or when the party sending the same receives notification from the post office that same cannot be delivered or is unclaimed. Any notice to be given hereunder by either of the parties hereto may be given by the attorney for said party with the same force and effect as if such notice had been given by the party.

21. INVALIDITY OF PARTICULAR PROVISIONS: If any term or provision of this lease or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this lease, or the application of such term or provision to persons or circumstances other than those to which it is held invalid or unenforceable, shall not be affected thereby, and each of the other terms and provisions of this lease shall be valid and be enforced to the fullest extent permitted by law.

22. RULES AND REGULATIONS: Subtenant agrees to abide by the Rules and Regulations as the same may be modified. In the event there shall be any conflict between the Rules and Regulations and this lease, then this lease shall govern.

23. ENTIRE AGREEMENT: This instrument contains the entire agreement between the parties hereto and the same may not be changed, modified or altered except by a document in writing, executed and acknowledged by the parties hereto.

24. REPAIRS: Subtenant shall take good care of the Demised Premises and the fixtures and appurtenances therein. Any damage or injury to the Demised Premises or to such fixtures and appurtenances, caused by Subtenant's moving property in and out of the Demised Premises, or

caused by installation or removal of fixtures, furniture or other property, or from any other cause, shall be repaired, restored or replaced promptly by Subtenant, at its sole cost and expense. All repairs, restorations and replacements shall be in quality and class equal to the original work or installations. If Subtenant fails to make such repairs, restorations or replacements, the same may be made by Overtenant, at Subtenant's expense, and the amounts spent by Overtenant shall be collectible as Additional Rent, to be paid by Subtenant within ten (10) days after demand therefor.

25. CAPTIONS AND HEADINGS: The captions and headings used in this lease are intended for convenience only and shall not imply or convey any additional meanings to the contents of the respective Articles.

Dated:   Hewlett, New York
         January 1, 2012

**IN WITNESS WHEREOF**, the parties hereto have hereunto set their hands and seals the day and year first above written.

**ROUTE 340 LLC**

By: _____

**SUBTENANT, Commerce Payment Systems**

By: _____