# EXHIBIT 3

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

"CPS Premises" and "Davidson Premises" at 1465 Broadway, Hewlitt NY, as described in Attachment A

Case No. **15 M 0688**

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location):*

See Attachments A, D and E.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachments B and C.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____August 5, 2015_____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge _____DUTY MAGISTRATE_____.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the **person who, or whose** property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 7/23/15  5:45 pm

City and state: Brooklyn, New York    Honorable Steven M. Gold  U.S.M.J.
*Printed name and title*

002866

ATTACHMENT A

The Subject Premises:

1. The two SUBJECT PREMISES include the CPS PREMISES and the DAVIDSON PREMISES. Both SUBJECT PREMISES are inside a one-story, light grey building located at 1465 Broadway, Hewlett, New York ("the Building"). As recently as July 21, 2015, the Building had three signs on the exterior bearing the name "Commerce Payment Systems." One sign faces Broadway, while the other two face the reserved-for-tenants parking lot on the left side of the building. The Building has a single, main entrance, which is accessed through the parking lot on the left (northeast) side of the building. There is a secondary entrance on the front of the building, facing Broadway, which opens directly into the office of Michael Mendlowitz, the CEO of CPS. There is also another secondary entrance on the rear right-hand side of the Building.

2. The SUBJECT PREMISES include each computer or other storage medium and any closed or locked container therein.

3. The CPS PREMISES include approximately six distinct areas within the Building: five on the ground floor (the main area, the computer/server room, the front cubicles, and the office of Michael Mendlowitz) as well as most of the basement of the building, and further include

 a. The main area. When entering the Building through the main door adjacent to the parking lot, the main area of the CPS PREMISES is straight ahead, mostly behind a reception area and wall. The main area fills a large essentially rectangular space, extending from the main entrance to the opposite wall, and from the right wall (adjacent to Broadway) to the left wall at the rear of the Building.

 b. The computer/server room. Along the left-hand (southeast) wall of the main area of the CPS PREMISES is a short hall going to the left. Off that hall, on the right-hand side, is the computer/server room. On the left-hand side of that hall is a set of stairs that leads down to the basement.

 c. The basement. A portion of the CPS PREMISES is in the basement of the Building. After one descends the stairs mentioned in the preceding paragraph, one encounters a file storage room on the immediate left, with an adjacent storage area. The next two rooms contain CPS's customer service and shipping departments, each of which also has an adjacent storage area.

       d.      <u>The front cubicles</u>.  Back on the ground floor, if one turns left upon entering the main door of the building from the parking lot, the front cubicles are on the left.  Several yards beyond that are three computers and cubicles belonging to employees engaged in the "boarding" process, by which customer profiles are created and loaded with customer-specific information, including fee information.

       e.      <u>The office of Michael Mendlowitz</u>.  Along the right-hand, northwest wall of the main area, adjacent to Broadway, is the office of Michael Mendlowitz.  It is approximately the fifth room along that wall, after two one-room offices of other businesses, a CPS conference room, and one more one-room office of another business.

4.    The <u>DAVIDSON PREMISES</u> are the one-room office of accountant Michael Davidson, who heads his own accounting business in the Building, within the CPS suite of offices.  Immediately to the right after one enters the CPS PREMISES via the main door of the Building from the parking lot, are the one-room DAVIDSON PREMISES, as indicated on Attachment D.

5.    In addition to the SUBJECT PREMISES, the ground floor of the Building contains approximately six small one-room business offices leased by other small businesses, as shaded in gray on Attachment D.  These are not within the ambit of this application.  One of these small offices is on the immediate right as one enters the building through the main entrance from the parking lot. Three more – as described in the preceding sub-paragraph – are along the right-hand, northwest wall of the building, facing Broadway, as is a CPS conference room (the third room).  The other two one-room businesses leased by outside entities are toward the left as one enters the building through the main entrance, adjacent to the front cubicles described above.

002868

ATTACHMENT B

PROPERTY TO BE LOCATED AND SEIZED WITHIN THE "CPS PREMISES,"
KNOWN AND DESCRIBED AS THE PREMISES OF "COMMERCE PAYMENT
SYSTEMS," a/k/a "COMMERCE PAYMENT GROUP," a/k/a "MERCHANT
COMMERCE," a/k/a "EMPIRE PAYMENTS," a/k/a/ "EVOLUTION BANKCARD,"
a/k/a "OPTIMAL BANKCARD," AT 1465 BROADWAY, HEWLETT, NEW YORK
AND CLOSED CABINETS AND CONTAINERS FOUND INSIDE

The items to be seized from the CPS Premises include the following evidence, fruits, and instrumentalities of the operation of a fraudulent credit-card and debit-card processing scheme in violation of Title 18, United States Code, Sections 1343 and 1349 ("the Target Offenses"):

1. business and financial reports and records, bank and credit card records, customer contracts and applications, customer bills, customer billing profiles, sales and debt-collection records, employee records and files, call logs, call lists, service and other contracts, recorded telephone calls, creditor and debtor records, internal and external correspondence and communications, mail, and payment records, among other documents, stored media and records

2. checks (personal and certified), customer contracts and agreements, customer bills, copies of canceled checks, cash, money orders, records of credit card payments, mail, mail envelopes, correspondences, communications, faxes, emails, phone records (including digital and/or VOIP records), receipts, invoices, general journals, ledgers, financial reports, spreadsheets, memoranda, and notes.

3. Bank account and transaction documents, including account opening documents, ATM and/or debit cards, bank statements, and bank deposit and withdrawal slips;

4. Customer and/or debtor lists, customer and/or debtor files, lists of names, addresses, social security numbers, contact information, bank account numbers, credit card numbers and other personal identifying information, records of communications with customers and/or debtors;

5. Company policies, manuals, instructions, and/or scripts;

6. Any documents mentioning arrests and/or warrants;

7. Licenses and/or registrations;

8. Documents, records and policies regarding employee compensation, such as bonuses and/or commissions;

9. Payroll records, employee names, personnel files;

10. Documents or records bearing the names "Commerce Payment Systems," "Commerce Payment Group," "Merchant Commerce," "Empire Payments," "Evolution Bankcard," "Optimal Bankcard,"

"EVO Merchant Services," "EVO Payments International," "Michael Mendlowitz," or similar names;

11. Records relating to and communications regarding lenders, creditors and/or other sources of information regarding debtors or debts to be collected; and

12. Computer(s), computer hardware, software, related documentation, and passwords.

### Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in paragraphs 1 through 12 of this Attachment, above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, scanners, routers, modems, and network equipment used to connect to the Internet. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2. Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3. Any evidence concerning the persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

### Review of Electronically Stored Information

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the

2

002870

status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Paragraphs 1-12 of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

3

002871

ATTACHMENT C

PROPERTY TO BE LOCATED AND SEIZED WITHIN THE "DAVIDSON PREMISES," KNOWN AND DESCRIBED AS THE PREMISES OF THE OFFICE OF MICHAEL DAVIDSON, CERTIFIED PUBLIC ACCOUNTANT, AT 1465 BROADWAY, HEWLETT, NEW YORK AND CLOSED CABINETS AND CONTAINERS FOUND INSIDE

The items to be seized from the Davidson Premises include the following evidence, fruits, and instrumentalities of the operation of a fraudulent credit-card and debit-card processing scheme in violation of Title 18, United States Code, Sections 1343 and 1349 ("the Subject Offenses"):

Any and all documents relating to or bearing the name(s) "Commerce Payment Systems," "Commerce Payment Group," "Merchant Commerce," "Empire Payments," "Evolution Bankcard," "Optimal Bankcard," "EVO Merchant Services," "EVO Payments International," "Michael Mendlowitz," or similar names, including:

1. business and financial reports and records, bank and credit card records, customer contracts and applications, customer bills, customer billing profiles, sales and debt-collection records, employee records and files, call logs, call lists, service and other contracts, recorded telephone calls, creditor and debtor records, internal and external correspondence and communications, mail, and payment records, among other documents, stored media and records

2. checks (personal and certified), customer files, customer contracts and agreements, customer bills, copies of canceled checks, cash, money orders, records of credit card payments, mail, mail envelopes, correspondences, communications, faxes, emails, phone records (including digital and/or VOIP records), receipts, invoices, general journals, ledgers, financial reports, spreadsheets, memoranda, and notes.

3. Bank account and transaction documents, including account opening documents, ATM and/or debit cards, bank statements, and bank deposit and withdrawal slips;

4. Customer and/or debtor lists, customer and/or debtor files, lists of names, addresses, social security numbers, contact information, bank account numbers, credit card numbers and other personal identifying information, records of communications with customers and/or debtors;

5. Company policies, manuals, instructions, and/or scripts;

6. Any documents mentioning arrests and/or warrants;

4

002872

7. Licenses and/or registrations;
8. Documents, records and policies regarding employee compensation, such as bonuses and/or commissions;
9. Payroll records, employee names, personnel files;
10. Records relating to and communications regarding lenders, creditors and/or other sources of information regarding debtors or debts to be collected; and
11. Computer(s), computer hardware, software, related documentation, and passwords.

### Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in paragraphs 1 through 12 of this Attachment, above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, scanners, routers, modems, and network equipment used to connect to the Internet. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

4. Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

5. Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

6. Any evidence concerning the persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

### Review of Electronically Stored Information

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement

5

002873

personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Paragraphs 1-12 of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

002874



ATTACHMENT D



1465 Broadway, Hewlett, NY 11557 – Basement Level

(NOT TO SCALE, NUMBER OF DESKS APPROXIMATE)

002876

ATTACHMENT E  p.173



002877



002878

