**Smith Villazor** LLP
250 West 55th Street, 30th Floor
New York, New York 10019
www.smithvillazor.com

Patrick J. Smith
patrick.smith@smithvillazor.com
**T**   212.582.4400

# SMITH | VILLAZOR

December 9, 2019

**VIA ECF AND EMAIL**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Mendlowitz*, S2 17-cr-0248 (VSB)

Dear Judge Broderick:

    We write in response to the Court's December 9, 2019 Order, and Your Honor's request that the parties respond to the first issue raised by the close of business today.  We will be prepared to discuss the remaining items at the sentencing hearing.

    Defendant Michael Mendlowitz objects to the loss calculation methodology advanced by the government as unreasonable and unreliable because it sweeps in all CPS revenue into its starting point in a case where it is unclear how many merchant accounts were affected by the offense conduct and to what extent they were affected, and because the 3% "fair value" figured used to compute loss does not find support in the record and is not otherwise supported by an evidentiary submission.  *See* Presentence Report at ¶¶ 60-63 (describing government's methodology); Defendant's Sentencing Memorandum at 41-45) (outlining the defense's objections to the government's loss calculation).  The calculation is designed to and does inflate the loss caused by the offense.  The defense's position is that other straightforward methods of estimating loss are available and should have been pursued in this case. (For example, analyzing a sample of merchant accounts by year to determine the extent of any overcharge above amounts agreed to in the merchant agreement or in a statement message; coming up with average overcharge amounts from the sample; applying the average amounts accounts by year.)

    If the Court finds that the government loss calculation methodology is appropriate, the defense submits that a *Fatico* hearing, at which the government bears the burden of proof, is necessary on the following issues:

Hon. Vernon S. Broderick                                                   December 9, 2019
Page Two

1. The amount of annual processing volume for CPS in the years 2009 to 2015 as set forth on pages 16-17 of the government's Sentencing Memorandum;

2. The basis for the government's contention that all of CPS's annual processing volume (minus revenue from American Express transactions) should be the starting point of the analysis;

3. The basis for the profit percentages set forth on pages 16-17 of the government's Sentencing Memorandum including the source and nature of that data, including, but not limited to, evidentiary support for the term "profit;" how it was derived, and by whom;

4. The basis for the assertion that 3% of processing volume represents the fair market value of processing services for a merchant portfolio of the type maintained by CPS.

If the Court finds that the government's alternative loss calculation methodology set forth on pages 20-21 of its Memorandum is applicable, the defense submits that a *Fatico* hearing is necessary on the following issues:

1. The basis for the government's contention that each of the fixed fees referenced was within the scope of the offense conduct;

2. The basis for the government's assumption that these fixed fees were charged to 90% of the merchants in CPS's portfolio in each year;

3. The basis for the government's contention that there is at least an additional $2 million of loss caused by the offense conduct relating to the practices identified on pages 21 and 22 of its Memorandum.

                                                Respectfully submitted,

                                                /s/ Patrick J. Smith

                                                Patrick J. Smith
                                                Smith Villazor LLP