

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 12, 2020

**BY ECF AND EMAIL**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Defendant shall disclose his expert's opinions and the bases and reasons for those opinions, to include materials provided to, consulted by, or relied upon by the defendant's expert, by March 19, 2020. SO ORDERED:

*[signature]* HON. VERNON S. BRODERICK 3/16/2020
UNITED STATES DISTRICT JUDGE

Re:   **United States v. Michael Mendlowitz, S2 17 Cr. 248 (VSB)**

Dear Judge Broderick:

The Government respectfully requests that the Court set an earlier deadline for the defendant's disclosure of materials related to the expert witness he intends to call at the *Fatico* hearing in this matter scheduled for April 2, 2020. Specifically, in order for the Government to prepare adequately for the hearing, the Government requests that the Court direct the defendant to disclose his expert's opinions and the bases and reasons for those opinions, to include materials provided to, consulted by, or relied upon by the defendant's expert, by March 16, 2020.

## Background

On February 19, 2020, the defendant filed a motion to adjourn the *Fatico* hearing in this matter, then scheduled for March 3, 2020. (Dkt. No. 238). The defendant noted that "Once Your Honor ordered a *Fatico* hearing, we implemented a plan in consultation with our expert, to conduct a loss analysis that would compare merchant applications to billing statements." (*Id.* at 2). The defendant argued that, because the defense would need to "reassess[]" the "methodology and analysis" of the loss amount, a month-long adjournment was warranted. *See id.* The Court granted the motion to adjourn and directed that the parties exchange "(1) copies of the documents they intend to present at the Fatico hearing; (2) a list of witnesses they intend to examine at the Fatico hearing; and (3) § 3500 material for each of the those witnesses" by March 25, 2020. (Dkt. Nos. 241 and 236).

On or about December 20, 2019, after soliciting proposed dates from the parties, the Court ordered a *Fatico* hearing for March 3, 2020. (Dkt. No. 229.) The defendant's February 19, 2020 motion for an adjournment was the first time the Government learned that the defendant intended to call an expert witness to testify at the *Fatico* hearing.

On March 2, 2020, the Government wrote to defense counsel and requested that "the defendant provide the witness's opinions and the bases and reasons for those opinions to the Government by March 16, 2020." We also requested that defense counsel provide the expert's CV to the Government.

On March 4, 2020, defense counsel provided the Government with the CV, which identified the expert as Patrick Moran—the same defense expert that the Court precluded from testifying at trial.

Despite a follow-up inquiry on March 4, 2020, defense counsel has not responded to the Government's request for the production of the witness's opinions and the bases and reasons for those opinions to the Government by March 16, 2020.

## Discussion

The Rules of Criminal Procedure apply to sentencing proceedings. *See* Fed. R. Crim. P. (a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."); *see also United States v. Webster*, 162 F.3d 308, 346 (5th Cir. 1998) ("The Federal Rules of Criminal Procedure apply to sentencing hearings.").

By its terms, Rule 16(b)(1)(C) refers to expert notice and disclosure in advance of trial testimony. *Id.* (requiring that the defense "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial").

The reasons underlying the expert notice and disclosure requirements apply with equal force to sentencing proceedings that will include expert testimony. As the Advisory Committee notes to Rule 16 explain, the disclosure requirement "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Ferguson*, 3:06 Cr. 137 (CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007).

The Advisory Committee further explained that "the requesting party is entitled to a summary of the expected testimony," in order to allow the requesting party notice of whether, for example, "the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." *See* Fed. R. Crim P. 16, Advisory Committee note, 1993 Amendment.

Finally, the Advisory Committee noted that "perhaps most important, the requesting party is to be provided with a summary of the bases of the expert's opinion." *Id.* Such information should include "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." *Id.*

2

Taken together, the Advisory Committee's notes on Rule 16 evince an overriding concern that expert testimony put before the trier of fact be reliable.  To allay this concern, the Advisory Committee provided for advance disclosure of expert testimony so that it could be tested by the opposing party and, thereby, to provide some assurance of its reliability.

The United States Sentencing Guidelines (the "Guidelines") echo the Advisory Committee's concern about the reliability of information put forward at sentencing.  In its Policy Statement regarding the Resolution of Disputed Factors under the Guidelines, it provides that although the court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial," the sentencing court may only do so "**provided that the information has sufficient indicia of reliability to support its probable accuracy**." U.S.S.G. § 6A1.3 (emphasis added).

The Government's proposed disclosure date, March 16, 2020, is warranted to ensure the Government has adequate time to prepare for cross-examination and, thereby, to ensure that the proposed expert's testimony is sufficiently reliable for consideration at sentencing.  At this time, apart from the identity of the proposed expert, the Government has been provided no information regarding the proposed expert's testimony, whether he will testify simply as to background information or provide expert opinions, what those opinions (if any) will be, or what the bases for those opinions are. The Government is therefore unable to assess whether, or to what extent, the defendant's proposed expert testimony is reliable.

The defense letter requesting an adjournment dated February 19, 2020 indicated that the defense was undertaking an "analysis" of merchant materials and using a particular (albeit undescribed) "methodology" to conduct that analysis.  (*See* Dkt. No. 238 at 2).  The defense letter also indicated that the defendant's expert analysis was sufficiently time-consuming as to warrant a four-week adjournment.  If the expert's opinion relies upon or interprets such an "analysis," the Government is entitled to advance disclosure of the materials provided to, reviewed, or consulted by the expert to assess whether his reliance thereon comports with *Daubert*, its progeny, and to what extent it is sufficiently reliable to be considered by the Court at sentencing.  *See generally*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 1993; U.S.S.G. § 6A1.3.

In addition, the identification of Patrick Moran as the defense expert raises additional questions regarding the substance of his testimony.  The defense letter requesting an adjournment dated February 19, 2020 stated that "Once Your Honor ordered a *Fatico* hearing, we implemented a plan, in consultation with our expert, to conduct a loss analysis that would compare merchant applications to billing statements."  (*Id.*)  It is unclear who is conducting the actual analysis and what Mr. Moran's "consultation" consists of.  In advance of the defendant's trial, Mr. Moran was noticed as an expert in "certain industry practices in the payment processing industry," including "Range of profits for processors, including factors that could lead to higher or lower profits based on the type of merchants in the portfolio." (*See* Dkt. No. 138, Exhibit D).  To the extent that Mr. Moran intends to testify as to particular opinions regarding the loss amount, those opinions should be disclosed in the interest of efficiency and fairness.

      In sum, to minimize surprise, promote efficiency, to allow the Government to properly and fairly prepare for cross-examination, and to ensure that the defendant's proffered expert testimony is sufficiently reliable, the Government respectfully requests that the Court direct the defendant to produce a summary of the proposed expert testimony and the reasons and bases for the expert testimony, to include materials provided to, consulted by, or relied upon by the defendant's expert, by March 16, 2020.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By:    /s/
      David Abramowicz
      Jilan J. Kamal
      Dina McLeod
      Assistant U.S. Attorneys
      212-637-6525/2192/1040

cc:    Smith Villazor, LLP, Counsel for Michael Mendlowitz (via ECF and email)