

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2021

**BY ECF & EMAIL**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>United States</u> v. <u>Michael Mendlowitz</u>, S2 17 Cr. 248 (VSB)

Dear Judge Broderick:

      The Government respectfully submits this letter in opposition to defendant Michael Mendlowitz's motion for bail pending appeal. As discussed below, Mendlowitz cannot overcome the presumption in favor of detention following sentencing. His motion should be denied.

### Applicable Law

      A court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released," and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). This provision gives effect to Congress's view that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances." *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

In short, there is a "presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004). The burden to "rebut that presumption with clear and convincing evidence" rests with the defendant. *Id*.

Under the second prong of the bail-pending-appeal standard, a "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotation marks omitted). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (quoting *Miller*, 753 F.2d at 23). With respect to all issues, "the burden of persuasion rests on the defendant." *Id*.

### Discussion

Mendlowitz's motion fails for two independent reasons. First, the defendant has not established that his appeal "raises a substantial question of law or fact." 18 U.S.C. § 3143(b). Second, he cannot show that any issue his appeal raises, even if deemed "substantial," is likely to result in reversal, a new trial, or a reduced prison sentence. *See id*.

#### *The Appeal Raises No "Substantial Question"*

The memorandum in support of the defendant's motion (Dkt. 304 ("Def. Mem.")) identifies four potential arguments on appeal, all of which this Court has properly rejected based on well-supported factual findings and established legal principles. None of the issues the defendant identifies amounts to a "substantial question" under 18 U.S.C. § 3143(b).

Three of the defendant's four arguments are evidentiary challenges that Mendlowitz claims are "substantial" under the bail statute. But all three challenges are meritless, as this Court recognized in its Opinion and Order rejecting the post-trial motions (Dkt. 230 ("Op.")). On appeal, the Court's evidentiary rulings will be reviewed "under a deferential abuse of discretion standard," *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (internal quotation marks omitted), and are unlikely to be overturned.

The defendant first argues that the Court improperly excluded testimony of the defense's proffered expert at trial. (Def. Mem. 4-14). But as this Court explained, the proffered expert testimony was inadmissible for several reasons, namely, that "(1) it was not relevant; (2) it was not information that was outside of the jury's knowledge and therefore not appropriate testimony for an expert; and (3) it was not relevant or connected to Mendlowitz's state of mind." Op. 11; *see also id.* at 11-18. Moreover, "even if [the defense expert's] testimony were relevant and

admissible," this Court concluded, "its relevancy is outweighed by the likelihood of juror confusion." *Id*. The Court's ruling relied on firmly established law. *See, e.g.*, *id.* at 11-12 (discussing Second Circuit's affirmance of district court's exclusion of expert testimony concerning industry practices in *United States v. Newkirk*, 684 F. App'x 95, 97 (2d Cir. 2017); Op. 16-17 (discussing Federal Rule of Evidence 704(b)'s requirement that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense"). Mendlowitz also challenges the Court's exclusion of a portion of his 2015 recorded statement concerning auto-initialing (*see* Def. Mem. 14-16), and the Court's admission of an audit report about the defendant's company, CPS (*see id.* 16-18). But in rejecting the defendant's post-trial motions, this Court properly recognized that the recorded statement was inadmissible hearsay, *see* Op. 20-21, and the audit report was admissible as a business record, *see id.* at 26-27. The issues surrounding the expert testimony, the 2015 recorded statement, and the audit report are neither novel nor close. Mendlowitz's arguments challenging evidentiary rulings do not raise any substantial question.

Mendlowitz also challenges the Court's findings crediting the Government's loss calculation of approximately $23 million or, alternatively, approximately $7.4 million. (*See* Def. Mem. 18-19). But a sentencing court "need only make a reasonable estimate of the loss," given the "available information." U.S.S.G. § 2B1.1, comment. (n.3(c)); *accord United States v. Singh*, 390 F.3d 168, 192 (2d Cir. 2004). The record here, developed during a month-long trial and a *Fatico* hearing focused on loss amount, amply supported the Court's factual findings concerning loss, as discussed at length in multiple filings (*see* Dkts. 217, 297) and during oral arguments. The defendant's appeal raises no substantial question about the loss amount.

### *A Decision in the Defendant's Favor Is Not Likely to Result in Reversal, a New Trial, or a Non-Custodial or Reduced Sentence*

The motion for bail pending appeal must be denied for the independent reason that even if the defendant's appeal raises a "substantial question," a decision in Mendlowitz's favor is unlikely to result in reversal, a new trial, or a non-custodial or shorter prison sentence.

On appeal, the challenged evidentiary rulings will be "subject to harmless error analysis," meaning that even an erroneous evidentiary ruling will not merit a new trial if "the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). This Court found in its written decision rejecting the post-trial motions that the evidentiary rulings Mendlowitz disputes, even if erroneous, were harmless. *See* Op. 21 n. 13 (finding that exclusion of Mendlowitz's recorded statement "did not prejudice the defense" and "was harmless," and that exclusion of the "recorded statement either alone or in combination with the other purported erroneous rulings do

not leave me with a real concern that an innocent person may have been convicted or that there is a need for a new trial in the interest of justice" (internal quotation marks omitted)). Mendlowitz's evidentiary arguments thus provide no basis to grant bail pending appeal.

Nor would Mendlowitz's argument challenging the loss calculation, if successful, be likely to result in a reduced sentence. Plainly, the findings regarding the Guidelines loss amount did not drive the sentence the Court imposed. Mendlowitz's Guidelines sentencing range was 135 to 168 months' imprisonment, yet the Court sentenced Mendlowitz to prison for only one year and one day. Any reduction in that sentence, even if imposed following a successful appeal of the loss calculation, would not comply with 18 U.S.C. § 3553(a). Mendlowitz's prison term matches the one imposed on co-defendant Richard Hart even though Hart, a salesman at CPS, was less culpable than Mendlowitz, CPS's president and CEO (the Court calculated a three-point leadership enhancement for Hart, and a four-point leadership enhancement for Mendlowitz); Hart accepted responsibility by pleading guilty, while Mendlowitz proceeded to trial; and Hart received a significant downward variance based on family issues so rare and serious that the Court was careful "to emphasize the unique nature of this situation" in order to explain the "substantial variance . . . I've given in this case" (Transcript of Hart Sentencing Held July 17, 2019, at 37). Indeed, even defense counsel Patrick Smith, during Mendlowitz's sentencing proceeding, suggested that a 16-month prison sentence would be appropriate in light of the year-and-a-day sentence imposed on Hart, an implicit concession that giving Mendlowitz a lighter sentence than Hart received would be illogical and unjust.

## Conclusion

Mendlowitz's motion for bail pending appeal should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:       /s/
David Abramowicz
Jilan J. Kamal
Dina McLeod
Assistant U.S. Attorneys
212-637-6525/2192/1040

cc:      Smith Villazor, LLP, Counsel for Michael Mendlowitz (via ECF and email)